```
                                                                    FILED
                                                            IN CLERK'S OFFICE
                                                            US DISTRICT COURT E.D.N.Y.
```

UNITED STATES DISTRICT COURT  ★ JUN 05 2012
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    BROOKLYN OFFICE

MOHAMMED ZAFOR

                Petitioner,        **MEMORANDUM & ORDER**

  -against-        10-CV-2640 (ENV)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

**VITALIANO, D.J.**

      Mohammed Zafor is before the Court on his petition pursuant to 28 U.S.C. § 2255, challenging his convictions for bank fraud and passport fraud. Judgment was entered on Zafor's plea of guilty. The petition is dismissed upon the findings stated below.[1]

### I.   Background

      Zafor was arrested on April 25, 2007 pursuant to a complaint charging him with bank fraud. On June 18, 2007, he was indicted on charges of bank fraud and aggravated identity theft. The charges stemmed from a fraudulent scheme which began with Zafor writing three checks totaling $82,350 against a home equity credit account he held. Zafor then deposited the checks

---

[1] Zafor has also filed two motions to stay payment of ordered restitution. The first motion was denied days after the petition and motion were filed. The second is denied as moot in line with this Memorandum and Order. Further, the Court declines to hold a hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); See also Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009). Moreover, the Court sees no indication that the interests of justice require that counsel be appointed. 18 U.S.C. § 3006A(a)(2)(B) (to appoint counsel for a § 2255 petition, a court must first determine that "the interests of justice so require"); United States v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960) ("it is settled that there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts").

1



into bank accounts he had previously opened under the name "Mohammed Ali," a real person with whom Zafor was acquainted. After depositing the checks, Zafor posed as Ali and withdrew the majority of the three-check proceeds from the Ali accounts. To complete the scheme, Zafor reported the checks as stolen, which entitled his home equity account to be credited the full $82,350 he had misappropriated.

Zafor was released on bond after his arrest, but made two separate attempts to obtain false identification. Learning of Zafor's efforts to obtain a fraudulent New York driver's license and later a false passport, the government sought to remove Zafor's pretrial release. Zafor absconded; a bench warrant issued. Eventually, Zafor was re-arrested. A grand jury returned a superseding indictment on March 25, 2008, adding counts related to Zafor's conduct while released on bail: three passport fraud-related charges, two counts of aggravated identity theft, and one count of bail jumping.

On November 12, 2008, Zafor pleaded guilty to bank fraud and passport fraud pursuant to a written plea agreement. In that agreement, the government agreed to dismiss the remaining six counts of the superseding indictment at the time of sentencing and estimated the likely adjusted offense level to be 20, corresponding to an advisory imprisonment range of 33 to 41 months. (Plea Agreement at 3.) Further, Zafor agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a sentence of 41 months or below." (Plea Agreement at 4.) During the plea proceeding, Zafor indicated that he (1) had a full and fair opportunity to discuss his case with his counsel; (2) was fully satisfied with his representation by the counsel representing him at the plea proceeding; (3) had read and understood the plea

2

agreement; and (4) understood that he was giving up the right to challenge his conviction and sentence should the Court impose a sentence of imprisonment of 41 months or less. (Plea Tr. at 4-21.)

Zafor then described his illegal conduct in detail. Regarding the bank fraud charge, he stated,

> I opened up a home equity line of credit at Chase Bank. I wrote out three checks payable to the name Mohammed Ali totaling about $70,000 out of that account. I then negotiate[ed] the checks at [the] other bank posing as Mohammed Ali and obtained the money. I then credited the checks stolen and was paid back the money by Chase.

(Plea Tr. at 21-28.) Regarding the passport fraud charge, Zafor stated, "I attempt[ed] to obtain a U.S. passport using the name of [another person] and completed the application and sen[t] it out from a post office in Queens, New York." (Plea Tr. at 28.)

On November 20, 2009, Zafor, then represented by new counsel, moved to withdraw from the plea agreement, but not to withdraw his guilty plea. (See Dkt. No. 52.) The parties appeared in Court to address the motion on January 8, 2010. And, the Court construed the plea agreement to allow Zafor to challenge the government's Guidelines calculation. (GX1 at 2-5.) In response, Zafor withdrew his motion. (GX1 at 11.)

At sentencing, Zafor argued he should receive a reduction in his offense level for acceptance of responsibility and that the Probation Office erred by assessing a two-level enhancement for obstruction of justice. The Court granted a two-level deduction based on acceptance of responsibility but rejected Zafor's objection to the obstruction enhancement. (Sentencing Tr. at 8, 10.) The Court imposed a sentence of 27 months imprisonment, ordered three years of supervised release, and directed Zafor to make restitution of $82,350. (Sentencing Tr. at 17-18.)

## II. Discussion

### A. Applicable Law

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside the sentence under 28 U.S.C. § 2255. The grounds for relief are very limited. The § 2255 court may only grant relief if it concludes, "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the 'maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470 (1962). Further, and relevant here because Zafor is unrepresented, district courts must construe pleadings and briefs submitted by pro se litigants liberally, that is, reading them to raise the strongest arguments they suggest. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

Finally, plea agreements with appellate waivers are generally enforceable if they are entered into knowingly and voluntarily. Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001). But, a plea agreement is unenforceable if a petitioner has a *meritorious* claim that the agreement resulted from ineffective assistance of counsel.[2] United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004). Specifically, "[t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary because

---

[2] Nothing in the petition or the record suggests any other exception is even remotely arguable. See United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (A waiver may be unenforceable when "the sentence imposed was based on unconstitutional factors—such as race, naturalized status, or the ability to pay restitution," or when the "sentencing court failed to enunciate any rationale for the defendant's sentence, and thus abdicated its judicial responsibility." (quotation marks and citations omitted)).

4

the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (quotation marks and citations omitted).

B. **Zafor's Claims are Barred by the Appellate Waiver**

As liberally construed by the Court, Zafor's petition argues that his appellate waiver is unenforceable because he did not receive effective assistance during the plea process.[3] To support his claim of ineffective assistance of counsel, Zafor contends: (1) "multiple representations over the length of the plea bargaining process;" (2) his attorneys' alleged failure to investigate the possible defenses; and (3) his attorneys' alleged failure to inform him of a court date. (Petitioner's Mem. of Law at 9-12; Petitioner's Response at 2.) Zafor does not factually tie any of his contentions to his decision to enter into the plea agreement. Despite the fact that all of the contentions are so clearly devoid of merit, the Court assumes *arguendo* that they are offered to demonstrate ineffective assistance during the plea process or to otherwise show his entitlement to relief.

Though metaphysically more can be less, Zafor offers nothing to demonstrate that his multiple representations rendered the assistance he received overall ineffective in anyway.[4] Neither does Zafor provide any indication of what defenses his attorneys failed to investigate.[5]

---

[3] Apart from his ineffective assistance claim, Zafor does not seem to attack his waiver as unknowing or involuntary. To the extent such a claim could be reasonably inferred from Zafor's papers, it would have no factual basis and, additionally, is directly refuted by the record. (See Plea. Tr. at 7-8, 14-18.)

[4] Based on his own requests, petitioner changed his counsel five times. (See Government's Mem. of Law at 5.)

[5] To the extent Zafor's allegation of a failure to investigate was intended to refer to the alleged "failures" of his attorneys to file motions to dismiss the indictment, such allegations are considered and rejected infra at II(C)(ii).

5

More importantly, the Court sees nothing in the record even hinting that either of these first two contentions has any merit.

Petitioner next contends that his counsel was ineffective for failing to inform him of the February 8, 2008 bail revocation hearing and for failing to inform the Court that he was (allegedly) hospitalized at the time of the hearing. (Mem of Law at 10.) Zafor's attorneys, however, did present these excuses, once to a Magistrate Judge and once to this Court. (See GXD at 6; GXE at 5-7, 14.) The Court rejected them and found that Zafor missed the hearing because he was "endeavoring either to ... leave the country or leave the jurisdiction." (GXE at 16.) Not only does Zafor offer nothing to call that finding into question, he cannot avoid the reality that there was no failure to offer the excuses of Zafor's unawareness of the court date or his hospitalization. Any argument based on such a "failure" is entirely without merit.

It is manifest that, at the time Zafor entered into the plea agreement, assistance of counsel was not ineffective and that he entered into the plea agreement voluntarily and with full knowledge of its consequences. To cut to the chase, clearly and specifically he entered into the plea agreement with a full understanding of the appellate waiver incorporated into the agreement. In line with the agreement, when the Court imposed a term of imprisonment under 41 months, as it did, the waiver was triggered. Having offered nothing of merit warranting its invalidation, the appellate waiver in the plea agreement must be enforced. It bars this petition, which must be, and hereby is, dismissed.

## C. Zafor's Other Claims are Baseless Too

Even if they were not barred by the valid appellate waiver in Zafor's plea agreement, none of his substantive claims support relief.

### i. Alleged Conflict of Interest

Zafor argues that an "actual conflict of interest existed with the last three lawyers," resulting in ineffective assistance. (Mem. of Law at 11.) He offers letters of complaint he sent to his attorneys as proof. Unhappiness with one's attorney hardly equates to a "conflict" as that term is used in the law. Absolutely nothing is advanced to show a divergence of the *interests* of petitioner and his attorneys. Mere divergence of opinion about how a case should be handled does not support conflict claims. See Ventry v. United States, 539 F.3d 102, 110-111 (2d Cir. 2008).

### ii. Alleged Failure to File Motions to Dismiss

Cut from the same cloth, petitioner asserts that his attorneys were ineffective by failing to file (1) a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(6) and (2) a motion to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161(b). But, a Rule 12 motion would have been futile because the indictment cited to and tracked the elements of bank fraud, aggravated identity theft, and the other counts as well, providing facts that would inform the accused of the charged offenses. See Hamling v. United States, 418 U.S. 87, 117 (1974). A motion under the Speedy Trial Act would have fared no better. The original indictment was returned on June 18, 2007, which is more than 30 calendar days after Zafor's arrest on April 25, 2007. Nevertheless, the indictment's return was timely regardless of that passage of time because, on May 23, 2007, the Court entered an order excluding the time between May 24, 2007 and June 25, 2007 from the time calculation. United States v. Mohammed Zafor, 07-cr-500, Order of Excludable Delay (E.D.N.Y. May 23, 2007). Because both motions would have been meritless, any "failures" to file them offers Zafor no ground for relief.

### iii. Alleged Lack of Jurisdiction and Claim of Actual Innocence

Zafor's attack on jurisdiction and his profession of actual innocence rely on the same factual assertion: that Mohammed Ali was the true perpetrator of any criminal act. Zafor, of course, has already admitted to the Court under oath that he committed bank fraud by "posing as Mohammed Ali." (Plea Tr. at 27.) Moreover, still unexplained by petitioner are the facts that the stolen funds were deposited into accounts associated with a mail box rented by Zafor and that bank security cameras showed Zafor accessing an Ali account. (PSR at ¶9-17.) In the teeth of this damning proof, Zafor simply, and inexplicably, professes his innocence and attacks the Court's jurisdiction as a result.[6]

### III. Conclusion

For the foregoing reasons, the petition is dismissed. Further, the pending motion to stay restitution is denied as moot. No certificate of appealability is granted with respect to any of petitioner's claims as he has made no substantial showing that he has been denied a constitutional right. Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003).

The Clerk is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
June 1, 2012

ERIC N. VITALIANO
United States District Judge

---

[6] To successfully attack the Court's jurisdiction, Zafor would have had to demonstrate, which he has not attempted nor could he do, that the face of the indictment did not disclose that the counts to which he pled guilty charged federal offenses. See United States v. Lasaga, 328 F.3d 61, 63-64 (2d Cir. 2003).

8